GRIMES, Justice,
concurring in part, dissenting in part.
At first blush, Reilly’s mental impairments appear to provide a plausible basis for the jury’s recommendation of life imprisonment. However, there is nothing in the record that suggests that his learning disabilities had anything to do with killing this child. The psychologist who testified had only examined Reilly four years before in connection with a sexual battery charge. There is no testimony that this murder was committed while Reilly was under the influence of extreme mental or emotional disturbance or that his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
While a jury’s recommendation of life imprisonment must be given great weight, Florida law requires the judge to make the final decision to ensure that there is a reasoned judgment. It is evident from the thirty-page sentencing order that the trial judge in this case did not lightly undertake this responsibility. It seems obvious that the jurors simply felt sorry for Reilly. This is not a reasonable basis for the recommendation of life imprisonment.
I concur in the judgment of guilt but dissent from the reduction of the sentence to life imprisonment.